# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HUGH ANTHONY BOYD,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00161-ECR-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

Following initial review, it appears: (a) that the petition may be subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (b) that the petition may be subject to dismissal without prejudice for lack of exhaustion because the petition is completely unexhausted. Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed as time-barred and/or for lack of exhaustion.

### *Background*

Petitioner Hugh Anthony Boyd seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of sexual assault with a minor under fourteen years of age. He is sentenced to life with minimum parole eligibility after ten years. The judgment of conviction was filed on February 26, 2001. Petitioner did not file a direct appeal. #7, Ex. I.

1   Over seven years later, on or about August 28, 2008, petitioner mailed a state post-conviction petition to the state district court clerk for filing.  The petition was stamped as received on September 2, 2008, but the petition was not stamped as filed until December 30, 2008.  #7, Ex. L.

On or about July 30, 2009, petitioner mailed a notice of appeal for filing.  The Supreme Court of Nevada dismissed the appeal on September 8, 2009, because the state district court had not rendered a decision when the appeal was filed. #7, Exhs. M & N.

Petitioner mailed the present federal petition for filing on or about March 18, 2010.

***Time Bar***

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the federal petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."  In the present case, the limitation period, unless otherwise tolled, therefore would begin running in this case after the thirty day time period expired for filing a direct appeal, *i.e.*, on March 28, 2001.

Accordingly, unless otherwise tolled, the time period for filing a federal petition in this case expired on March 28, 2002, ten days short of eight years prior to the filing of the federal petition.

The federal petition therefore is untimely unless the limitation period otherwise is tolled or unless a different accrual date applies.  Petitioner accordingly must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled.  Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,

166 L.Ed.2d 924 (2007)(*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

### *Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991). A petition that is completely unexhausted is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

In the present case, petitioner's claims have not been fairly presented to the Supreme Court of Nevada. Boyd did not file a direct appeal challenging the judgment of conviction, and his 2008 state post-conviction petition remains pending before the state district court. His premature notice of appeal in the state supreme court did not fairly present the merits of any

-3-

claim to that court. Petitioner otherwise has not sought the intervention of the state supreme court by a petition for a writ of mandamus or otherwise to seek action on the petition in the state district court.

Petitioner therefore must show cause in writing why the present petition should not be dismissed without prejudice because the federal petition is wholly unexhausted.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be dismissed with prejudice as time-barred; and (b) why the petition should not be dismissed without prejudice for lack of complete exhaustion. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred. If petitioner responds to the order but fails to demonstrate that the petition is timely and exhausted, the petition will be dismissed either with prejudice as time-barred or without prejudice as unexhausted.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge or that are not supported by competent evidence filed by petitioner in the record in this Court.

IT FURTHER IS ORDERED that if petitioner claims tolling and/or exhaustion based upon filings in the state courts that are not currently on file in this matter, he shall file copies of same with his show cause response.

Petitioner's failure to comply fully and timely with any provision of this order will result in the dismissal of this action without further advance notice.

DATED: June 7, 2010

_____
EDWARD C. REED
United States District Judge